UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.,

                Plaintiff,

– against –

UPS SUPPLY CHAIN SOLUTIONS, INC.,

  Defendant and Third-Party Plaintiff,

– against –

EVA AIRWAYS CORPORATION AND DOES
1 – 10,

       Third-Party Defendants.

**OPINION AND ORDER**

20 Civ. 2818 (ER)

Ramos, D.J.:

National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") brought this suit against UPS Supply Chain Solutions, Inc. ("UPS") alleging that UPS caused damage to a shipment that had been insured by National Union. Doc. 1. UPS filed a third-party complaint against EVA Airways Corporation ("EVA") and various Does, seeking indemnification. Doc. 13. Before the Court is EVA's motion to dismiss the third-party complaint due to a lack of personal jurisdiction.

For the following reasons, EVA's motion is GRANTED.

**I.    BACKGROUND**

National Union is incorporated under Pennsylvania law with a principal place of business in New York. Doc. 1 ¶ 1. UPS is incorporated under Delaware law and has a principal place of business in Georgia. *Id.* ¶ 2. National Union filed a complaint on April 4, 2020, against UPS for damages to a shipment of vitamins National Union had insured, valued at $127,598. *Id.* ¶¶ 4, 9.

EVA was the airline that carried the package, and UPS subsequently filed a third-party complaint on January 6, 2021, seeking to be indemnified by EVA.  Doc. 13.  EVA filed an answer on February 17, 2021, asserting as a defense that the Court lacked personal jurisdiction.  Doc. 20 ¶ 38.  On April 28, 2021, EVA filed the pending motion to dismiss for lack of personal jurisdiction.  Doc. 28.

EVA's headquarters and principal place of business are in Taiwan.  Doc. 28, Supplement MOL in Support at 3.  EVA operates flights to and from JFK International Airport in New York, and conducts business in New York.  *Id.*  The underlying claim pertains to a package that was transported on a flight that traveled from Chicago, Illinois, to South Korea, via Taiwan.  *Id.*  At no point did the package or flight travel through New York.  *Id.*

## II.   LEGAL STANDARD

"A plaintiff opposing a motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction has the burden of establishing that the court has jurisdiction over the defendant." *BHC Interim Funding, LP v. Bracewell & Patterson, LLP*, No. 02 Civ. 4695 (LTS), 2003 WL 21467544, at *1 (S.D.N.Y. June 25, 2003) (citing *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999)).  To meet this burden where there has been no discovery or evidentiary hearing, the plaintiff must plead facts sufficient for a *prima facie* showing of jurisdiction.  *Id.*  As the Court evaluates a Rule 12(b)(2) motion, it must construe all of the plaintiff's allegations as true and resolve all doubts in its favor.  *Casville Invs., Ltd. v. Kates*, No. 12 Civ. 6968 (RA), 2013 WL 3465816, at *3 (S.D.N.Y. July 8, 2013) (citing *Porina v. Marward Shipping Co.*, 521 F.3d 122, 126 (2d Cir. 2008)).  "However, a plaintiff may not rely on conclusory statements without any supporting facts, as such allegations would 'lack the factual specificity necessary to confer jurisdiction.'" *Art Assure Ltd., LLC v. Artmentum GmbH*, No. 14 Civ. 3756 (LGS), 2014 WL 5757545, at *2 (S.D.N.Y. Nov. 4, 2014) (quoting *Jazini v.*

*Nissan Motor Co., Ltd.*, 148 F.3d 181, 185 (2d Cir. 1998)). As Rule 12(b)(2) motions are "inherently . . . matter[s] requiring the resolution of factual issues outside of the pleadings," courts may rely on additional materials outside the pleadings when ruling on such motions. *John Hancock Prop. & Cas. Ins. Co. v. Universale Reinsurance Co.*, No. 91 Civ. 3644 (CES), 1992 WL 26765, at *1 n.1 (S.D.N.Y. Feb. 5, 1992); *accord Darby Trading Inc. v. Shell Int'l Trading and Shipping Co.*, 568 F. Supp. 2d 329, 334 (S.D.N.Y. 2008).

III. **ANALYSIS**

    1. *Specific Jurisdiction*[1]

In diversity or federal question cases, personal jurisdiction is determined in accordance with the law of the forum in which the federal court sits. *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001) (citing *Bensusan Rest. Corp. v. King*, 126 F.3d 25, 27 (2d Cir. 1997)). This determination involves a two-step analysis. *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996). In New York, the court must first determine whether personal jurisdiction is appropriate pursuant to the state's general jurisdiction statute, Civil Practice Law and Rules ("C.P.L.R.") § 301, or its long-arm jurisdiction statute, C.P.L.R. § 302(a).[2] If the Court's exercise of personal jurisdiction is deemed appropriate according to New York law, the second step is an evaluation of whether the court's exercise of personal

---

[1] As an initial matter, the Court dismisses any assertion by UPS that EVA has delayed bringing a motion to dismiss for lack of jurisdiction. EVA raised the issue of personal jurisdiction in their answer on February 17, 2021, (Doc. 20 ¶ 38) and requested a pre-motion conference on the issue of personal jurisdiction on March 24, 2021, just over a month later. Doc. 22. The only case that EVA cites that is remotely similar is *Datskow v. Teledyne, Inc.*, where the court held a four-month delay in asserting a lack of personal jurisdiction was too long. 899 F.2d 1298 (2d Cir. 1990). However, not only was that a longer period of time than present here, but the court had determined that the defendant was amenable to personal jurisdiction under C.P.L.R. § 301—the issue was whether the plaintiff had served proper notice. *Id.* at 1302. The court was therefore concerned that the delay in raising the defense meant the relevant statute of limitations had expired, rendering the plaintiff unable to correct notice even though the court would have been able to assert jurisdiction otherwise. *Id.* at 1303. That is not the case here.

[2] UPS acknowledges that application of general jurisdiction under N.Y. C.P.L.R. § 301 is not appropriate.

jurisdiction comports with the Fifth Amendment Due Process Clause of the United States Constitution.  *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 164 (2d Cir. 2010); *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242 (2d Cir. 2007).  The Court concludes that there is no personal jurisdiction under N.Y. C.P.L.R., and so does not reach the due process analysis.

   a. C.P.L.R. 302(a)(3)

C.P.L.R. § 302(a)(3) provides for jurisdiction if the non-domiciliary "commits a tortious act without the state causing injury to person or property within the state."  N.Y. C.P.L.R. § 302(a)(3) (McKinney 2008).

> The conferral of jurisdiction under this provision rests on five elements:  First, that defendant committed a tortious act outside the state; second, that the cause of action arises from that act; *third, that the act caused injury to a person or property within the State*; fourth, that defendant expected or should reasonably have expected the act to have consequences in the State; and fifth, that defendant derived substantial revenue from interstate or international commerce.

*In re Sumitomo Copper Litig.*, 120 F. Supp. 2d 328, 341 (S.D.N.Y. 2000) (emphasis added) (quoting *LaMarca v. Pak–Mor Mfg. Co.*, 735 N.E.2d 883, 886 (N.Y. 2000)).

UPS fails to allege an injury to a person or property within New York.  The cause of action in this case pertains to alleged damages to a package that was shipped on one of EVA's airliners.  Doc. 13 ¶ 6.  The flight took off from Chicago, Illinois, traveled via Taiwan, and ultimately reached its destination in South Korea.  Doc. 28, Supplement MOL in Support at 3. UPS has not alleged that the shipment was in New York at any point, nor has UPS alleged how the act caused injury to a person or property within New York.  Instead, UPS argues that jurisdiction is proper because EVA "conducts business operations in New York," "is registered as a foreign business corporation in New York," "participates in the air cargo industry reaching worldwide destinations," and "offers, sells, and provides [transportation in the air cargo industry] through its operations in New York."  Doc. 29 at 3–4.  UPS argues that EVA's contacts in New

York, unrelated to this cause of action, are sufficient to show it "(i) regularly does or solicits business . . . in the state, or (ii) expects or should reasonably expect the act to have consequences in the state." C.P.L.R. § 302(a)(3).  However, these contacts alone, without an injury to a person or property in New York, are insufficient for the Court to assert personal jurisdiction under C.P.L.R. § 302(a)(3). *Ingraham v. Carroll*, 687 N.E.2d 1293, 1294 (N.Y. 1997) ("Under [C.P.L.R. § 302(a)(3)] the appellant must show *both* that an injury occurred 'within the state,' and that the elements of either clause (i) or (ii) have been satisfied." (emphasis added)).

UPS argues that since it is seeking indemnification and contribution against EVA, as opposed to a right to damages, the personal jurisdiction analysis is different. Doc. 29 at 3. However, the only case UPS cites to support this argument is a Ninth Circuit case, *Chubb Ins. Co. v. Menlo Worldwide Forwarding, Inc.*, 634 F.3d 1023 (9th Cir. 2011).  In that case, the issue before the court was whether the two-year statute of limitations in the Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, S. Treaty Doc. No. 106-45 (the "Montreal Convention") applied to a claim where the party was seeking indemnification. *Chubb Ins. Co.*, 634 F.3d at 1025.  The court distinguished between a "right to damages" and a "right of recourse," and held that the statute of limitations was not intended to apply to a "right of recourse" claim. *Id.* at 1027 ("[B]ecause an action between carriers for indemnification or contribution is premised on the 'right of recourse,' rather than the 'right to damages,' Article 35's time bar does not apply.  Instead, the timing of such an action is governed by local law."). UPS is asking the Court to apply this distinction in a wholly different context. The question before this Court is whether it has personal jurisdiction over EVA, not whether a statute of limitations applies, and UPS has not explained why a distinction between a "right to damages" and "right of recourse" should have an impact on the personal jurisdiction analysis.

In 2018, a court in the Southern District of New York addressed a nearly identical case as the one now before the Court. *See Royal & Sun All. Ins. PLC v. UPS Supply Chain Solutions, Inc.*, 16 Civ. 9791 (NRB), 2018 WL 1888483 (S.D.N.Y. Apr. 5, 2018). In that case, the plaintiff sued UPS for damages to a shipment, and UPS filed a third-party complaint against the actual carrier of the shipment who subsequently moved to dismiss for lack of personal jurisdiction. *Id.* UPS made a similar argument in that case and argued that "the relevant injury is the prospective judgment that could be entered against [UPS] by a court sitting in New York, for which it would seek indemnification and contribution." *Id.* at *3. However, the court held that "[t]hat argument is borderline frivolous. Taken to its logical conclusion, [UPS'] interpretation of N.Y. C.P.L.R. § 302(a)(3) would render the injury requirement a nullity in the impleader context as it would *always* be satisfied if such prospective liability were sufficient." *Id.* The Court agrees with that conclusion. Since there is no injury to a person or property in New York, the Court does not have personal jurisdiction over EVA under C.P.L.R. § 302(a)(3).

2. *Montreal Convention and Consent*

UPS additionally suggests that the Court has personal jurisdiction over EVA by reason of the Montreal Convention. Doc. 29 at 8–9. UPS points to Articles 33, 45, and 46 and argues that "the Montreal Convention itself confers personal jurisdiction when one of the dual carriers reins the other into existing litigation brought by the underlying cargo interest." *Id.* at 9 n.8. UPS also argues that because EVA is a common carrier and agreed to act as the actual international carrier for the shipment in question, it has consented to jurisdiction under the Convention. *Id.* at 8. However, the jurisdictional requirement in Article 33 of the Convention relates to subject matter jurisdiction, not to personal jurisdiction. *Royal & Sun All. Ins. PLC*, 2018 WL 1888483, at *3 ("Regardless, courts have consistently concluded that the Montreal Convention affords subject matter jurisdiction, *not* personal jurisdiction."); *see also Tucker v. British Airways PLC*, No.

6

2:16-CV-00618 (RAJ), 2017 WL 6389302, (W.D. Wa. Dec. 14, 2017) ("[T]he Montreal Convention establishes subject matter jurisdiction; it does not confer personal jurisdiction."). UPS points to no other authority that suggests that Article 33 pertains to personal jurisdiction. Therefore, the Montreal Convention does not provide an additional basis for personal jurisdiction.

## IV.   CONCLUSION

For the foregoing reasons, EVA's motion is GRANTED.  UPS' requests for discovery and hearing on jurisdictional issues and for additional briefing on a transfer are DENIED.  The Clerk of Court is respectfully directed to terminate the motion, Doc. 28, and terminate EVA as a third-party defendant.

It is SO ORDERED.

Dated:   October 18, 2021
         New York, New York

Edgardo Ramos, U.S.D.J.